*New-Haven,*
*June,*
1819.

*June* 16.

HATCH and others *against* STRAIGHT.

A deed from a parent to his child, in consideration of love and affection, is pre-
    sumed to be an advancement.
Though this presumption may be repelled, yet where a father gave to his son
    a deed of lands, of the value of two thousand dollars, in consideration of
    love and affection, *and of five dollars;* it was held, that the latter consid-
    eration, being merely nominal, was not sufficient to repel such presumption.
The declaration of a grantor, made after the delivery of the deed, explanato-
    ry of his intention in executing it, and of his views of its operation, are not
    admissible to repel a presumption of advancement.

THIS was an appeal from a decree of the court of probate for
the district of *New-Milford,* allowing to *Henry A. Straight,* the
appellee, a full distributary share of the estate of *Henry
Straight,* deceased.

The cause was tried at *Litchfield, February* term, 1819, be-
fore *Edmond, Smith* and *Gould,* Js.

The appellants were children, and heirs at law, of said
*Henry Straight.* The appellee was his son. On the 17th of
*March,* 1812, *Henry Straight* executed and delivered to the
appellee a deed, conveying to him one equal undivided half
of all the lands and buildings, which the grantor then owned,
excepting a lot of seventeen acres, for the consideration of
the love and affection the grantor had towards, and for the
consideration of five dollars received to his full satisfaction of,
the grantee. The property so conveyed was of the value of
two thousand dollars, amounting to more than the appellee's
distributary share would have been, if such conveyance had
not been made. The grantor afterwards died intestate. The
appellants contended, that the appellee received this property,
by way of advanced portion, and was thereby, in the life-time of
his father, advanced equal to the shares of the other children,
who had received nothing by way of advanced portion. In
support of this claim, the appellants proved the deed, and of-
fered the testimony of witnesses to prove, that at the time the
deed was executed, the grantor declared, that it was a deed of
gift; and also to prove, that it was without any valuable con-
sideration; and that the sum of five dollars therein specified,
formed no part of the consideration, and was never paid by
the grantee, nor received by the grantor. To the admission
of this evidence the appellee objected; but the court held it
to be admissible, and accordingly received it.

New-Haven,
June,
1819.

Hatch
v.
Straight.

For the purpose of repelling the presumption arising from the deed and the evidence accompanying it, that the property thereby conveyed was intended by the grantor as an advanced portion to the appellee, and to evince that such conveyance ought not, in any way, to affect the right of the appellee to a distributary share of the residue of the estate, he offered the testimony of sundry witnesses, to prove, that after the execution of the deed, the grantor made and published his will in writing, in which he devised to the appellee the other moiety of the lands described in the deed ; but that afterwards, and a few days before his death, he destroyed the will, declaring, at the same time, that by his so doing, the appellee would be, by law, entitled to an equal distributary share of the residue of his estate, not contained in the deed, with his other children, and that such was his intention respecting it.   The appellants objected to the admission of this evidence ; and the court excluded it.

Upon the whole case, the court adjudged, that said deed and the lands therein described, were to be taken as an advanced portion to the appellee, and in full of his portion of the estate of his father ; and thereupon set aside the decree of the court of probate.   The appellee moved for a new trial ; and the court reserved the question arising on such motion for the advice of all the Judges.

*Daggett*, in support of the motion, contended, 1. That parol evidence that the deed in question was intended as an advanced portion, was inadmissible.

2. That the deed, on the face of it, did not appear to have been given for that purpose : First, because it expressly stated a valuable consideration, *viz.* five dollars ; and secondly, because if it were to be considered as a mere deed of gift, it would not follow of course, that it was given by way of advanced portion.

3. That parol evidence was improperly received to disprove the valuable consideration stated in the deed.   A party can never aver a consideration contrary to, or inconsistent with, the one expressed.   *Phil. Evid.* 424, 5.

4. That if a deed of gift from a father to his son is, *prima facie*, to be presumed to be an advancement, that presumption may be rebutted ; and the evidence adduced by the appellee for that purpose ought to have been received.

*Benedict* and *Sherman*, contra, contended, 1. That the deed purported, on the face of it, to be an advancement. An advancement is any provision made by a parent for his child, by which the latter receives towards his establishment in life, any part of the property, to which he would be entitled, as heir, on the death of such parent. The law is derived to us, through the *English* statute of distributions, from the custom of *London ;* and its object is, to give all the children an equal share. 2 *Bac. Abr.* 252, 3, 4. (*Gwil.* ed.) *Edwards* v. *Freeman,* 2 *P. Wms.* 435. 440. & seq. In *Connecticut,* the statute has always had a liberal construction to effectuate this object, so consonant to our republican habits and institutions, as well as to the general principles of equity. Our courts have gone farther, perhaps, than the *English* decisions, having considered money disbursed for the *education* of a child as an advancement. The *nominal* consideration expressed in the deed cannot alter the nature and effect of the transaction. It was obviously inserted merely on account of the vulgar opinion of its being necessary to render the deed valid. A conveyance of land worth two thousand dollars, for the consideration of five dollars, will be regarded as a *voluntary* conveyance.

2. But if the deed did not purport, on the face of it, to be an advancement, because it did not appear to be without pecuniary consideration, still extrinsic evidence was properly admitted, to shew, that no pecuniary consideration in fact passed. In *Scott* & al. v. *Scott,* 1 *Mass. Rep.* 527. where the deed was for love and affection, and also in consideration of five shillings paid, the court went into an enquiry, by extrinsic evidence, to determine what valuable consideration passed between the parties. In *Quarles & al.* v. *Quarles,* 4 *Mass. Rep.* 680. where the deed was expressed to be in consideration of the sum of 233*l.* 6*s.* 8*d.,* the court received evidence of an acknowledgment by the grantee, that the land so conveyed to him was in satisfaction of his share of the grantor's estate, and thereupon decided, that such conveyance was an advancement.

3. The evidence offered by the appellee was properly rejected. This declaration of the grantor must have been offered, either as explanatory of his intention in giving the deed, or as his opinion upon the legal effect of it. In both points of view, it was clearly inadmissible. In the first place, his declaration *after* the transaction, is no better evidence of his in-

New-Haven,
June,
1819.

Hatch
v.
Straight.

tention, than the declaration of any other person, who is neither a party, nor a qualified witness. But secondly, aside from that objection, it could not affect the operation of the deed. 2 *Bac. Abr.* 253. n. (*Gwil.* ed.) *Pow. Dev.* 523. No argument is necessary to shew, that his *opinion* upon the legal consequences of his dying intestate, could not be received as evidence.

Hosmer, Ch. J. The declaration made by *Henry Straight*, posterior to the delivery of the deed, cannot be admitted to vary its legal operation. It has been determined, that parol evidence of a father's declaration will not be allowed to bar a child of her orphanage share. *Fawkner* v. *Watts, Atk.* 407. And it is extremely obvious, that his declaration diminishing the shares of his other children, cannot possess a higher effect.

The statute of *Connecticut* relative to advanced portions, (*a*) is almost a literal transcript of 22 and 23 *Car.* 2. *c.* 10. usually denominated *the statute of distributions.* This law, as well as our own, is founded on equality, the most just rule of equity. " The design of the act, (said Sir *Joseph Jekyl,* Master of the Rolls) was to do what a just and good parent ought, for all his children." 2 *P. Wms.* 440. " Of the undisposed property it makes (as Lord *Raymond* observed,) such a will for the intestate, as a father, free from the partiality of affections, would himself make." 2 *P. Wms.* 443. The law has been considered as embracing not only voluntary settlements, but settlements made on marriage, which alone is a consideration, and the issue of which are purchasers. *Edwards* v. *Freeman,* 2 *P. Wms.* 435. This is quite a liberal construction of the statute, to effectuate its equitable object. A deed, in consideration of love and affection, is, most justly, presumed to be an advancement. The presumption, however, in this, as in other cases, may be rebutted by proof. In the case before us, if the deed to *Henry A. Straight* is merely a deed of gift, the estate transferred by it, within the fair construction of the statute, must be considered as advanced portion.

This brings me to the principal question in the case, which is, whether any thing appears to rebut the presumption of advancement. The deed to *Henry A. Straight* is expressed to be " in consideration of love and affection, and *of five dol-*

(*a*) *Tit.* 70. *c.* 1. *s.* 12.

New-Haven,
June,
1819.

Hatch
v.
Straight.

*lars.*"   It would be ascribing too much importance to this *nom-inal* consideration, to consider it as repelling the proof of advanced portion.   The principle of equity, on this construction, would be almost as much violated, as if the consideration had been purely voluntary.   Had the sum received by the grantor been a cent merely, it would be serious trifling to contend, that the nature and effect of the provision was changed by it. Between this sum and five dollars, the four hundredth part in value of the property conveyed, there is no material difference.

The opinion I have expressed renders it unnecessary to determine, whether the evidence to shew that the consideration was paid, was legally admitted.

PETERS, BRAINARD and BRISTOL, Js. were of the same opinion.

CHAPMAN, J. gave no opinion, having been of counsel in the cause.

New trial not to be granted.