BELDEN *against* SEYMOUR and another.

In 1812, *A.* conveyed land to *B.*, by deed, with the usual covenants. In 1827, *C.* recovered judgment in an action of ejectment against *D.*, the tenant of *B.*, for a part of the land. *B.* then brought an action on the covenants in his deed against *A.*, and offered in evidence the record of the judgment in favour of *C.* against *D.*, accompanied with an offer of proof, that when the suit was instituted and the recovery was had, *D.* was the tenant of *B.* and holding under him, and that at the service of the writ, *D.* and *B.*, by a process duly served and returned, cited *A.* to appear and defend, and that *A.* did appear, employ counsel and assume the defence. Held, that such evidence was admissible.

In an action on the covenant of seisin in a deed of land, the plaintiff may prove, by extrinsic evidence, the payment of a greater consideration than that expressed in the deed.

The only operation of the clause in a deed regarding the consideration, is, to prevent a resulting trust in the grantor, and to estop him forever to deny the deed for the uses therein mentioned.

A NEW trial having been granted, pursuant to the opinion of this Court, ante 19—34., the cause was tried again, on the same issue, at *Hartford, September* term, 1830, before *Hosmer*, Ch. J.

The plaintiff having exhibited in evidence the deed of the

defendants to him, dated the 17th of *March*, 1812, (recited *Hartford*, ante, 20.) to shew a breach of the covenant of seisin in that *June*, 1831. deed, offered to read in evidence, a copy, duly authenticated, of the record of a judgment of the superior court, rendered on the fourth *Tuesday* of *September*, 1827, in favour of *John M. Chenevard*, against *William Thompson* and *Eunice Dimock*, in which a part of the land, (*viz.* 3 feet, 4 inches,) attempted to be conveyed, by said deed, was recovered against *Thompson* and Mrs. *Dimock*. This offer was accompanied with an offer of proof, that when the suit was instituted, and the recovery was had, they were the tenants of the plaintiff in possession, and holding under him ; and that at the service of the writ, the tenants and the plaintiff, by a process duly served and returned, (*a*) cited the defendants to appear and defend the suit ; and that the defendants did appear, employ counsel, and take the defence of the suit upon themselves. This record was objected to, by the defendants, on the ground that the plaintiff was neither party nor privy to that judgment, and therefore it could not avail

*Belden v. Seymour.*

(*a*) The notice and citation referred to, were as follows : " To *Henry Seymour* and *Mary J. Chenevard*, both of the city and county of *Hartford*. You will please to take notice, that *John M. Chenevard* has, this day, brought an action of disseisin against *William Thompson* and *Eunice Dimock*, returnable to the county court, to be holden, &c. therein demanding the seisin and possession of a certain tract of land, (describing it) as per declaration will more fully appear. And you will further take notice, that the defendants in said suit are tenants in possession of certain premises under *Thomas Belden*, of the town of *Hartford*, and that the same premises the said *Belden* claims title to under you and the said tenant in possession ; and the said *Thomas Belden* hereby requires you to defend in said suit. *Hartford November* 4th, 1826.

*William Thompson,*
*Eunice Dimock,*
by their attorney, *I. Perkins.*"

" To the sheriff of the county of *Hartford*, his deputy, or to either of the constables of the town of *Hartford*, within said county : *Greeting.*

" By authority of the state of *Connecticut*, you are hereby commanded forthwith to summon the aforesaid *Henry Seymour* and *Mary J. Chenevard*, by leaving true and attested copies hereof with each of them, to appear before the county court, to be holden, &c. then and there, if they see cause, to defend in the action aforesaid, wherein *John M. Chenevard* is plaintiff, and *William Thompson* and *Eunice Dimock* are defendants. Hereof fail not to make legal service and return. Dated at *Hartford*, the 6th day of *November*, 1826.

*Nathan Johnson*, Justice of Peace."

Service, by a qualified officer, on the 7th of *November*, 1826.

him. This objection was sustained, by the Chief Justice, and the evidence rejected.

The plaintiff, to ascertain the damages arising from the breach of covenant complained of, and to shew the actual consideration paid by him to the defendants, for the land, offered in evidence an exemplification of the records of the court of probate of an account of sales of land, by the defendants, as administrators of the estate of *John Chenevard,* deceased, under an order of, and approved by, that court. The following is an extract from such record :

" *Oct.* 3. 1816. To *Thomas Belden,* fifty feet land on *Main* street, by 186 feet deep, with the old house, at 56 dollars per foot, $2,800."

To the admission of this evidence the defendants objected ; and the Chief Justice rejected it, on the ground that the consideration expressed in the deed was the only rule of damages. The defendants obtained a verdict ; and the plaintiff moved for a new trial.

*I. Perkins,* in support of the motion, contended, I. That the record of the judgment in favour of *J. M. Chenevard,* against *W. Thompson* and *E. Dimock,* ought to have been received. Here, it is not necessary to enter into a discussion as to the *conclusiveness* of this evidence. As it was entirely rejected, the plaintiff will be entitled to a new trial, he can shew that it is admissible. And he claims it as admissible, on the general principle, that it is a judgment between the same parties, or those in privity with them, wherein the same facts were in issue.

In the first place, this judgment, though not between the same *nominal,* was between the same *real,* parties. And courts of justice will take notice who is the real plaintiff or defendant in a cause. *Peake's Ev.* 40. 3 *Dane's Abr,* 515. *s.* 4. 518. *s.* 2, 3. *Kinnersley* v. *Orpe, Doug,* 517. cited and explained by *Spencer,* J. in *Case* v. *Reeve,* 14 *Johns. Rep.* 81, 2. *Payne* v. *Rogers, Doug.* 407. The cause not only involved *Belden's* title ; but this was the precise point on which it turned, and the only point litigated. He was the real party in interest, and the only person who had any interest in the subject of litigation, in opposition to the claim of the plaintiff.

Secondly, *Belden* was in *privity* with the defendants in that suit, by virtue of the relation of landlord and tenant subsisting

between them. *Co. Litt.* 271. *a.* And this relation raises an
obligation, on the part of the landlord, to defend the posses-sion. 12 *Petersdorff* 32. n. And for this purpose, he need not
be a party on the record. *Adams* on *Eject.* 233. *Doe* d. *Locke* v. *Franklin*, 7 *Taun.* 9. *Payne* v. *Rogers, Doug.* 407.

Thirdly, The notice served upon the present defendants, in connexion with the fact that they came in and took upon themselves the defence, made them parties to the suit. Notice *in pais* would be sufficient to make the judgment *prima facie* evidence against them ; but the notice given, being returned, became parcel of the record. It now appears from the record, that the defendants here, were defendants there. *Chirac* & al. v. *Reinicker*, 11 *Wheat.* 280. S. C. 2 *Pet.* 614. 5 *Cruise's Dig. tit.* 36. *c.* 3. *s.* 1. 2. 18. 19. 26. 4 *Dane's Abr.* 487. 490. 14 *Petersdorff* 326. 2 *Wms. Saund.* 32. n 1. *Booth* 42. 48, 9.

2. That the probate record should have been received ; the consideration expressed in the deed not being conclusive evidence of the amount acaid.

*Hungerford* and *Toucey*, contra, contended, 1. That the record of the former judgment was not admissible, on any ground.

In the first place, this suit is not between the same parties or their privies. *Belden*, the present plaintiff, was not a party to the for suit, in form or in fact ; nor was he privy to any party. ██e was not vouched or cited in to defend. He did not appear and defend, or assist in the defence. Nor does it appear, that he was under any obligation to defend. *Wood* v. *Davis*, 7 *Cranch* 271. *Davis* v. *Wood*, 1 *Wheat.* 6. The notice to the present defendants, appended to the record, proves nothing.

Secondly, the same point was not in issue. The point now in issue is the breach of this covenant in *March*, 1812. The record does not shew, that this fact was in issue in the former suit, and was found by the jury ; and therefore, it is not evidence to prove such fact. *Church* v. *Leavenworth*, 4 *Day* 274. 277. *Ryer* v. *Atwater* & al. 4 *Day* 431. 433. *Cowles* v. *Harts, Johnson* & Co. 3 *Conn. Rep.* 516. 522. *Sintzenick* v. *Lucas*, 1 *Esp. Rep.* 43. *Smith* v. *Sherwood*, 4 *Conn. Rep.* 276. For aught appearing on the record, those defendants were tenants of that plaintiff, holding over, not tenants of *Belden*. Indeed, the record does not shew, that *Belden's* right was in issue at all. And if it were, the right in 1827 was, or might be, to-

*Hartford*, tally different from that in 1812. Lapse of time alone may
**June, 1831.** have changed it. A record, which is evidence of the matter
in dispute, only by inference and argument, is inadmissible.

<em>Belden<br>v.<br>Seymour.</em>

*Blackham's* case, 1 *Salk* 290.

Thirdly, the former judgment cannot operate as evidence
against strangers to the suit, on the ground of its being a pro-
ceeding *in rem ;* for such, evidently, is not its character.

Fourthly, upon the ground taken by the plaintiff, this record
was inadmissible, because he did not follow it up with the ne-
cessary proof. No evidence was offered to shew, that *Belden's*
right was tried, or that there was a recovery by elder title ;
without which the record could be received.

2. That the consideration expressed in the deed, is conclu-
sive in this case. The action is founded on the deed ; and the
plaintiff must recover on it, as it is. To allow of parol evi-
dence to shew a greater consideration than that expressed, or
a different one, would be to extend, or substantially vary, the
language of a written contract, in contravention of a funda-
mental principle of evidence. *Schemerhorn* v. *Vanderheyden*,
1 *Johns. Rep.* 139. *Howes* v. *Barker*, 3 *Johns. Rep.* 506. 509,
10. *Maigley* v. *Hauer*, 7 *Johns. Rep.* 341. *Peacock* v. *Monk*,
1 *Ves.* 128.

DAGGETT, J. I think the record offered in evidence by the
plaintiff, ought to have been admitted. The law, in *Connecticut*,
has always been understood to be, that when the grantee, or
any tenant was sued in ejectment, for all or any part of the
land conveyed, and a title to which was warranted to him, by
the covenants in a deed, he might vouch or summon his war-
rantor to appear and defend the title. This is effected, by a
citation, signed by a magistrate, served and returned to court,
and thus to become part of the files of the court. The person
vouched in, by this process, might appear or not, at his election.
If he did not appear, and there was a recovery against a gran-
tee, or any person claiming under him, the judgment might be
given in evidence to prove the plaintiff's damages, in an action
on the covenant : if he did appear and make defence, and there
was a recovery against him, that judgment would be strong, if
not conclusive evidence against him in such action. If the war-
rantor undertook the defence voluntarily, without a summons
to defend, the law is the same. This practice is founded on
the common law, though unlike it in its tedious forms, and still

more tedious delays. In all real actions, the tenant might *Hartford,* vouch in the warrantor. In default of the vouchee, or if he June, 1831. appeared and a recovery was had, by the demandant, the ten-ant had judgment for equal lands. 5 *Cruise's Dig. tit.* 36. chap. 3. sect. 1, 2, 18, 19, 26. 14 *Petersdorff* 326. 4 *Dane's Abr.* 487. 490. 2 *Wms. Saund.* 32. n. 1. In *Connecticut,* the grantee is obliged to resort to his covenants ; and he re-covers damages instead of lands.

Belden
*v.*
Seymour.

This would appear very clear. It is said, however, that the suit was not against *Belden,* but against *Thompson* and Mrs. *Dimock ;* and therefore, *Belden* is, in no sense, party. Now, the fact is, *Belden* was the only person in interest : the defendants were merely nominal parties ; and therefore, it is, in substance, as though *Belden,* (the present plaintiff) had been defendant alone : and that this condition may be shewn to be his, by other evidence than the record, is proved, abundantly, by the authorities. *Chirac* & al. v. *Reinicker,* 11 *Wheat.* 280. S. C. 2 *Pet.* 614. *Peake's Ev.* 40. *Case* v. *Reeve* & al. 14 *Johns. Rep.* 79. *Adams on Eject.* 233. *Doe* d. *Locke* v. *Frank-lin,* 7 *Taun.* 9. The court will always take notice of the real parties.

It is further said, that it does not appear, by this record, nor can it appear, without extrinsic evidence, that the title which is warranted by the defendants, was drawn in question on this trial. This record is not offered as conclusive evidence in fa-vour of the plaintiff, or as an estoppel to the defendants to shew that they had title to the land in question, and that they there-fore shall be concluded by the recovery. To conclude them, and to estop them from averring the truth, it must appear from the record, that the same question between the same parties, was put in issue and decided. *Outram* v. *Morewood,* 3 *East,* 346. *Smith* v. *Sherwood,* 4 *Conn. Rep.* 276. This record is offered as a judgment of a court of competent jurisdiction, in which the question of title was settled against the defendants ; and though it cannot estop the defendants, for the reason given above, yet it furnishes strong evidence against them. This is shewn, by the cases cited above, and also by the following au-thorities. *Gilb. L. Ev.* 35. *Kitchen* & al. v. *Campbell,* 3 *Wils.* 304. *Blasdale* v. *Babcock,* 1 *Johns. Rep.* 517. *Seddon* v. *Tu-top,* 6 *Term Rep.* 607. *Betts* v. *Starr,* 5 *Conn. Rep.* 550. *Goddard* v. *Selden,* 7 *Conn. Rep.* 515.

This action was in favour of *Chenevard* against *Thompson*

and *Dimock.* The defendants were cited, by the plaintiff, to appear and defend his title. They did appear. If the defence had been successful, they might have availed themselves of the verdict and judgment, in any action brought by the plaintiff against them, on the covenant. It is equally clear, that it might have been set up as a defence, in any future action, brought by *Chenevard* against him, or his tenant in possession. As their defence did not prevail, why should not the plaintiff avail himself of the verdict and judgment? If a man brings ejectment, in the name of another, as his lessee, he is considered as the real plaintiff, and the verdict may be given in evidence for or against him, in an action of ejectment brought in the name of another plaintiff on his demise. *Gilb. L. Ev.*

The record, then, was improperly rejected. It ought to have been admitted; though it would not conclude the defendants.

2. There is another ground for a new trial presented by this motion. The plaintiff offered proof, that the consideration paid for the land was 2800 dollars. This proof was objected to, on the ground, that the consideration *expressed in the deed,* was only 1800 dollars. The proof offered was a copy from the record of the court of probate, containing a return of the sale of the land in question, under the hands of the defendants, and pursuant to the order of the court, shewing that it was sold for 2800 dollars. It was rejected, on the ground that the consideration expressed in the deed must controul; and that a greater or further consideration could not be shewn. This evidence, also, I think, should have been admitted.

It is not suggested, by those who oppose the admission of this proof, that any case directly in point can be found. Certain analogous cases, however, are resorted to. Let us examine them.

The case of *Schemerhorn* v. *Vanderheyden,* 1 *Johns. Rep.* 139. was an action of *assumpsit.* No consideration was stated for the promise. On the trial, the consideration attempted to be shewn, was, that the defendant had promised to purchase a desk for the plaintiff's wife, in consideration of an assignment of personal property made to him, and that the assignment, when produced, shewed a consideration of *natural love and affection, and of a certain bond executed by the defendant.* The sole question was, whether the delivery of the desk could be shewn as an additional consideration to those expressed in the

assignment. It was decided, that such testimony was inadmis-
sible. *That,* certainly, was not this case ; and it is, at best,
but a *dictum* in support of quite another point.

The next case cited is that of *Howes* v. *Barber, 3 Johns. Rep.*
506. 509, 10. There, it was decided, that where lands were
sold for *a certain number of acres, at a certain price per acre,*
mentioned in the deed, and the purchase money paid, and the
number of acres fell short, an action for money had and received
could not be sustained. This was like the cases of *Bradley &
al.* v. *Blodget, Kirby* 22. *Northrop* v. *Speary,* 1 *Day* 23., except
that in both those cases, there was a parol promise made at the
time of the execution of the deeds, to rectify the mistake, if
any should appear on mensuration. Our courts treated these
promises as within the statute of frauds and perjuries. The
supreme court of *New-York* say, that these mistakes could on-
ly be corrected by a court of chancery.

In *Maigley* v. *Hauer, 7 Johns. Rep.* 341. it was decided,
that where there is a consideration expressed in the deed, with-
out saying " for other consideration," proof of any other con-
sideration is not admissible ; and if the consideration is not tru-
ly stated, it can only be corrected in a court of equity.

It is not easy to see, that any or all of these cases, prove, that
a greater sum of money may not be shown to have been paid,
than is expressed in the deed ; and that is the only point now
under examination. This proof was not of the lowest kind.
It was a copy of the return of sale, made under the hands of
the defendants, in performance of their trust as administrators.

I will now advert to some other decisions and principles,
which sustain the opinion here expressed. In *Villers* v. *Bea-
mont, Dyer* 146. it was holden, that where in a deed of bargain
and sale, the consideration of 70*l.* was expressed, without men-
tion of any other consideration, the jury had well found, that
the deed was in consideration of *marriage* as well as 70*l.*

In *Hatch & al.* v. *Straight, 3 Conn. Rep.* 31. it was decided,
by this Court, that five dollars expressed as the consideration
of a deed, was merely nominal, and that such consideration
was not sufficient to repel the presumption that the deed was
given by way of advancement to a son. Here, assuredly, the
consideration, like the case in *Dyer,* was explained.

In *Phill. Ev.* 482, 3. the rule is stated to be, " that a party
may aver another consideration, which is consistent with the
consideration expressed ; but no averment can be made con-

trary to, or inconsistent with, that expressed in the deed." Having examined several cases on this subject, the author adds, " that the cases referred to in the text appear to have established, that it is not considered to be contrary to or inconsistent with a deed, to prove another consideration in addition to the consideration expressed." Here, the proof offered was only to a *greater* consideration, and in no way inconsistent with that expressed.

It is, moreover, the settled doctrine of the courts in *Great Britain* to sustain an action of *assumpsit* for the price agreed to be paid for land, notwithstanding the consideration is expressly admitted to have been received, by the usual clause in deeds, " the receipt whereof is hereby acknowledged." The form of the action is given by *Chitty*, in his work on *Pleadings.* The principle is every where undoubted, that such a clause in a deed has the effect to prevent a resulting trust in the grantor. He is forever estopped to deny the deed for the uses therein mentioned ; and this is its only operation. 1 *Swift's Dig.* 121. The same doctrine is established, by repeated decisions, in the supreme court of *New-York.* Thus, it was settled in *Shepherd* v. *Little,* 14 *Johns. Rep.* 210. and *Bowen* v. *Bell,* 20 *Johns. Rep.* 338. In the former case, Ch. J. *Spencer* considers the acknowledgement in a deed, though under the hand and seal of the grantor, as standing on a footing with receipts, which may be explained by parol testimony. This principle is also recognized in this state. 1 *Swift's Dig.* 121. 574. Now, it is beyond my comprehension, that this receipt of the consideration may be thus explained, or rather disproved, and yet that the amount of consideration may not be shewn to be different from what is expressed in the deed. The principle, upon this hypothesis, must be, that the grantee may prove that no consideration at all has been paid, and yet cannot prove that a part only has been paid ; and that a grantee may prove in this action of *assumpsit,* that 1000 dollars was the consideration, and that he is indebted only to that amount, when the grantor insists that he owes 2000 dollars, as appears by the deed.

We free ourselves from all difficulty, by considering the origin and purpose of this acknowledgement, *viz.* to prevent, as above expressed, a resulting trust in the grantor, and that it is merely formal or nominal, and not designed to conclusively fix the amount, either paid, or to be paid. Suppose a deed were expressed to be in consideration of five dollars ; is it to be said,

that five dollars only was to be paid ; and is that sum to be
conclusive upon the parties in all events ? They are, indeed, precluded from denying a consideration ; but no further are they precluded. In the first volume of *Root's* reports, there are three decisions directly to the point, that *assumpsit* will lie for the price of the land sold ; and that the consideration expressed in the deed may be explained or contradicted. *Clark* v. *Brown* & ux. 1 *Root* 77. *Hannah* v. *Wadsworth*, 1 *Root* 458. *Cone* v. *Tracy*, 1 *Root* 479. These decisions are all cited, with approbation, by the Chief Justice, in *Sparrow* v. *Smith* 5 *Conn. Rep.* 113. 117. The same doctrine has been recently pronounced in *Massachusetts* in *Webb* v. *Peele*, 7 *Pick.* 247. and *Ballard* v. *Briggs*, 7 *Pick.* 533. In the latter case, Ch. J. *Parker*, in giving the opinion of the court, says : " The consideration proposed to be proved, is different from that expressed in the deed ; and it is objected, that the deed is conclusive upon this point ; but we think it has been reasonably settled, that this matter is open to evidence. More or less than is expressed in a deed may be proved, by parol evidence, as the consideration ; and even a different consideration, if valuable, may be proved. A deed is valid in law with any consideration, however small." In *Morse* v. *Shattuck*, 4 *N. Hamp. Rep.* 229. the doctrine was established, that in an action on the covenant of seisin in a deed, a *different* consideration from that expressed in the instrument, might be shewn, by parol evidence, to ascertain the damages.

In view of these principles and authorities, I think it very clear, that the proof offered ought to have been admitted ; and that there must be a new trial.

PETERS and WILLIAMS, Js. were of the same opinion.

HOSMER, Ch. J. I concur with the Court in the opinion that the record in the name of *John M. Chenevard* against *Thompson* and *Dimock*, ought to have been admitted in evidence. But the testimony offered to enlarge the consideration in the defendant's deed, I consider as inadmissible.

The plaintiff alleges in his declaration, that by their deed, the defendants granted and conveyed to him, *in consideration of* 1800 *dollars*, a tract of land, and covenanted that they had good right to bargain and sell the same. The deed was expressed to be for the consideration of 1800 dollars.

The plaintiff, at the trial, insisted, that the consideration ac-

*Hartford,*
June, 1831.

Belden
*v.*
Seymour.

tually paid was 2800 dollars, and that the insertion of 1800 dollars in the deed, was through mistake. To prove this, he offered an account, presented, by the defendants, to the court of probate, in which they charged the sale of the land at 2800 dollars. The offered testimony was rejected, by the court.

It is not susceptible of dispute, that the evidence could not be received on the foundation of *mistake.* On this ground, relief is within the jurisdiction, exclusively, of a court of chancery. *Redesdale's Tr. Ch. Pl.* 117. 1 *Madd.* 40. 1 *Johns. Chan. Rep.* 138. 594. 600. *Gillespie* & ux. v. *Moon,* 2 *Johns. Chan. Rep.* 585. *Lyman* v. *The United Insurance Company,* 2 *Johns. Chan. Rep.* 630. *Washburn* v. *Merrills,* 1 *Day* 139. *McCall* v. *McCall,* 3 *Day* 402. *Noble* v. *Comstock,* 3 *Conn. Rep.* 295. 299. In *Maigley* v. *Hauer,* 7 *Johns. Rep.* 341. the point was expressly adjudged, in respect of the consideration of a deed ; and the same question arose and was determined in *Filmer* v. *Gott,* 4 *Bro. Parl. Ca.* 230. (*Toml.* ed.)

Assuming, then, that a mistake in the consideration could not be proved, I advance the proposition, that the consideration expressed in a deed is conclusive, and cannot be contravened, by parol evidence. The principles of law on that subject are correctly stated, by that very able and respectable author, Mr. *Starkie.* In *vol.* 3. *p.* 1004. he says : " Where the conveyance is mentioned to be in consideration of love and affection, as also for other considerations, proof may be given of any other ; for this *is consistent with the terms of the deed.* But if one specific consideration be alone mentioned in the deed, no proof can be given of any other ; for this would be contrary to the deed ; for where the deed says, it is in consideration of such a particular thing, *it imports the whole consideration, and negatives any other.* The case where no consideration is expressed in the deed, is, according to Lord *Hardwicke,* a middle case ; and he held, that proof, of a valuable consideration, in such a case, was admissible." Undoubtedly, one not party to a deed and in prevention of fraud, is not estopped from showing the actual consideration, by adducing parol evidence. *Rex* v. *Scammonden,* 3 *Term Rep.* 474. *Gilmer* v. *Gott,* 4 *Bro. Parl. Ca.* 230. (*Toml.* ed.) *Overseers of the Poor of New-Berlin* v. *Overseers of the Poor of Norwich,* 10 *Johns. Rep.* 222. But that is not this case. Here the question arises between the parties to the deed.

The principles above stated have often been recognized and

applied, by the courts in *Westminster-Hall*; nor are they any where contravened, so far as I know, except in the state of *Virginia*, where they seem to have a law peculiarly their own. *Villers* v. *Beamont, Dyer* 146. *a.* S. C. cited in *Mildmay's* case, 1 *Co.* 176. *a. Vernon's* case, 4 *Co.* 1. *Clarkson,* v. *Hanway* and al. 2 *P. Wms.* 203. *Peacock* v. *Monk,* 1 *Ves.* 128. *Shep. Touch.* 510. *Harvey* v. *Alexander,* 1 *Rand.* 219. *Duval* v. *Bibb,* 4 *Hen. & Mun.* 113. The general law relative to the superior authenticity of written evidence to evidence by parol, is, in terms, universally admitted. Hence, it is a principle no where disputed, except in the instance above mentioned, that the consideration of a deed cannot be contravened, by parol evidence, or in any manner varied. But a case or two is to be found, where the principle is recognized, with how much consistency I shall enquire, that although you may not prove, by parol, a different species of consideration, yet that you may contradict its sum or amount. Just as if this was not a contravention of the principle, which declares the consideration inviolable, by parol evidence !

In *Schemerhorn* v. *Vanderheyden,* 1 *Johns. Rep.* 139. 140. it was determined, that the parties to a deed were precluded from setting up any *greater* or *different* consideration than the one expressed, as it would be contradictory to the written contract. The words of the court are : " The consideration for the assignment of the personal property of *John B. Schemerhorn,* is expressly stated in the deed of assignment itself, and the parties are thereby precluded from setting up any greater or different consideration." That is precisely this case. Here the consideration expressed is 1800 dollars ; and the plaintiff would prove, by parol, a greater consideration, to wit, 2800 dollars.

In *Howes* v. *Barker,* 3 *Johns. Rep.* 506. an action was brought to recover back a sum of money, which had been paid on the sale of land, the consideration of which was expressed to be nine pounds *per* acre. An over-payment was claimed ; and to get at the fact, it became necessary to show, that the consideration was too great for the land conveyed. A mistake was alleged with respect to the insertion of the consideration money in the deed ; but it was adjudged, that relief on this ground could alone be had in a court of chancery. It was said, by the party, that the consideration money expressed in the deed was more than ought to have been paid. But it was rul-

ed, by the court, that parol evidence evincing this, *would be repugnant to the written contract.* After stating the rule, that subsequent to reducing a contract to writing, every thing resting in parol becomes thereby extinguished, it was said, by *Thompson,* J. " I cannot perceive why any parol agreement, varying the consideration money expressed in the deed, does not fall within this rule, as much as if it related to any other part of the contract ;" and then reference is made to *Schemerhorn* v. *Vanderheyden* as having expressly settled the point. The other judges were of the same opinion. Here, then, is a second determination precisely on the point of controversy, and in favour of the defendants. And this case, as well as the former, considers the expressed consideration as equally inviolable by parol evidence, as any other part of a deed.

In *Maigley* v. *Hauer,* 7 *Johns. Rep.* 341. it was adjudged to be " a settled rule, that where the consideration is expressly stated in a deed, and it is not said also *and for other considerations,* you cannot enter on proof of any other, *for that would be contrary to the deed.* This was so decided in *Schemerhorn* v. *Vanderheyden,* 1 *Johns. Rep.* 139. and again in *Howes* v. *Barker,* 3 *Johns. Rep.* 506. The same rule prevails in equity, according to the cases of *Clarkson* v. *Hanway,* 2 *P. Wms.* 203. and of *Peacock* v. *Monk,* 1 *Ves.* 128. ; and the remedy for the party, if the deed be contrary to the truth of the case, is by seeking relief in equity against the deed, on the ground of fraud or mistake, as was intimated in the case of *Howes* v. *Barker,* and as was adopted in the case of *Filmer* v. *Gott.*"

The same principle is implied from the determination of the late Chancellor, *Kent,* in *Benedict* v. *Lynch,* 1 *Johns. Chan. Rep.* 381. And in all the cases, the assigned reason, is, that *the proof will be repugnant to the deed.*

The case of *Bowen* v. *Bell,* 20 *Johns. Rep.* 338. 340. does not at all contravene the principles before settled. Strange it would be, if after three determinations of the supreme court of the state of *New-York,* unreversed and unquestioned, that the same court should decide in opposition to them. No such question was raised in the case. The plaintiff had given a deed, quit-claiming to the defendant three lots of land for the expressed consideration of 1000 dollars. Two of these lots the defendant had title to ; and for the third he promised to pay 250 dollars ; and a recovery was had for 225 dollars, 28 cents.

In giving the reasons, *Woodworth,* J. said : " When one spe-

cies of consideration is expressed, another or different one can- <span style="float:right">*Hartford,*</span> not be proved ; *neither can parol proof be admitted substan-* June, 1831. *tially to vary or contradict a written contract ;* but these prin- <span style="float:right">Belden</span> ciples are inapplicable to a case where the payment or *amount* <span style="float:right">*v.*</span> of the consideration, becomes a material enquiry." The ex- <span style="float:right">Seymour.</span> pression " the amount of the consideration," must be understood *secundum subjectam materiam.* In this particular case, it was necessary to enquire into the consideration. The quitclaim deed of three lots of land, for the expressed consideration of 1000 dollars. The plaintiff sought to recover for *one* of them only. Hence, no proof could arise from the deed ; nor was the enquiry in contravention of the expressed consideration. Either this is a just solution of the case, or the court necessarily determined in opposition to three former decisions of the same court. The latter cannot be believed.

In *Emery* v. *Chase,* 5 *Greenl.* 232. it was determined, that where a valuable consideration in a deed, is expressed to have been paid, parol evidence is not admissible to prove another or different consideration, intended or promised, and not performed. This is equivalent to the assertion, that the consideration expressed is conclusive, and not to be varied by parol.

It would be easy to enlarge this list of authorities ; but it is unnecessary.

I am not aware, that a different rule exists from the one I have contended for, except, as before-mentioned, in the state of *Virginia.*

In *Garrett* v. *Stuart* 1 *M'Cord,* 514., however, it was adjudged, that a *different* consideration from the one expressed in a deed, cannot in a court of law be shown ; but that a greater or less consideration of the same character, may be proved : That is, if a deed is on the expressed consideration of 1000 dollars, you may not prove, that a certain quantity of wheat was agreed to be paid, as this would contradict the deed ; but you may prove, that the sum agreed to be paid, was to have been 2000 dollars, for this would not contradict the deed ! Such distinction I can never admit. A consideration of 2000 dollars is as essentially different from one of 1000 dollars, as wheat is different from specie ; for they are of distinct natures, forms and qualities. The point is intuitively evident. The sum of 2800 dollars is not the sum of 1800 dollars, but they greatly differ ; and the assertion or proof of the one is an entire contradiction of the assertion or proof of the other.

It has been said, that a consideration is necessary to be expressed in a deed, in order to rebut a resulting trust ; and this is its sole object.

If our common deed is a bargain and sale only, which I do not admit, as such a deed is alone valid on a pecuniary consideration reserved, whereas our deeds on consideration of love and affection are held to be good ; (4 *Cruise's Dig.* 127. 4 *Kent's Comm.* 454.) still it is incontrovertibly clear, that a consideration to rebut a resulting trust, never need be, and never is, expressed in the deed. It is sufficient if a consideration be proved to exist. Even the smallest sum, or a pepper corn, suffices. *Fisher* v. *Smith, Moor* 569. *Jackson* d. *Hardenberg* & al. v. *Schoonmaker,* 2 *Johns. Rep.* 230. *Jackson* d. *Hudson* & al. v. *Alexander* and al. 3 *Johns. Rep.* 484. 491. 2 *Kent's Comm.* 35. 4 *Kent's Comm.* 454. I am aware, that an idea of the kind has been mentioned ; (1 *Swift's Dig.* 121.) but it is erroneous. The books warrant no such principle. But suppose an expressed consideration, for the purpose in question, is necessary ; it makes no difference in the case. The real consideration expressed in a deed, to attain this object is sufficient ; and there is no incompatibility in holding, that the expressed consideration is for two purposes ; the rebutting of a resulting trust, and the preservation of the evidence of the actual consideration. On the above principles, it cannot, with any propriety, be said, that the insertion of the consideration in a deed, is necessary at all ; and as little, that it is solely for the purpose of rebutting a resulting trust. So far from this, it is a general truth, that the usage is to insert the actual consideration in a deed, for the purpose of preserving the evidence. And this fact is so public, general and universally notorious, that the courts are *ex officio* bound to take notice of it. 1 *Chitt. Plead.* 216. It is, therefore, a very essential part of a deed, made by the parties, the repository of the truth ; and hence, it is protected, by the courts, from the contravention of inferior parol evidence.

It is readily admitted, that a receipt for money, whether in a deed of land or otherwise, is not conclusive evidence, that the money has actually been received. 3 *Stark Ev.* 1044. 1 *Phill. Ev.* 74. n. But this has no bearing on the point in question. The expression of a deed, that *for a certain consideration* the grantor has bargained and sold his land, is conclusive proof of that fact ; but of another fact, that is, that the money has been

paid, is not conclusive proof. The difference consists in this ; *Hartford, June, 1831.* that in the latter case, to protect mankind from fraud, it has been found expedient, in order to the general security and convenience, to make an exception to the rule, giving a conclusive effect to written evidence.

Belden
*v.*
Seymour.

That an action of *assumpsit* lies to recover the consideration money for land sold, has been determined in the supreme court of the state of *New-York. Shephard* v. *Little*, 14 *Johns. Rep.* 210. *Velie* & al. v. *Myers*. 14 *Johns. Rep.* 162. But this is not at all opposed to the conclusive effect of the consideration expressed in a deed. In the same court, the doctrines are held, that the above-mentioned action lies, and yet that the consideration is conclusive, and not controvertible by parol evidence.

The case of *Hatch* v. *Straight*, 3 *Conn. Rep.* 31. has been cited, I scarcely know for what purpose. A deed of land was given, by a father, to one of his sons, of the value of 2000 dollars, on the expressed consideration of love and affection and five dollars. It was adjudged, that notwithstanding the consideration of five dollars, so disproportionate as it was to the value of the property, the deed, essentially, although not nominally and in fact, was a deed of *gift ;* at least, so nearly so, as not to repel the presumption of its being advanced portion. No question arose, whether the money was reserved or paid ; but the judgment was founded on the construction of the face of the deed.

On the whole, I am clear, that the parol evidence offered, was in contravention of the deed, and not admissible.

BISSELL, J. was not present when the case was argued, and of course, gave no opinion.

New trial to be granted.