DWIGHT BEEBE, Respondent, v. HERMAN L. ESTABROOK AND ROBERT C. ESTABROOK, as Administrators, etc., and as Individuals, and others, Appellants.

*Advancements — who entitled to insist upon — grandchildren — 2 R. S., 97, § 76.*

Under the provisions of the Revised Statutes in relation to advancements, grand-children are entitled to insist that advancements, made to his children by the intestate, shall be brought by them into *hotchpot,* and that the grandchildren shall be entitled to share therein.

APPEAL from a judgment in favor of the plaintiffs, entered upon the report of a referee.

The action was brought by the plaintiff for an accounting and settlement of the estate of one Hobart Estabrook. The only question raised was whether or not certain gifts of money made by the deceased to his sons were to be treated as advances; the plaintiff, a son of the intestate's daughter, insisting that they should be so treated and that the defendants should be compelled to bring the sums into *hotchpot.* The referee found this fact in favor of the plaintiff.

*J. McGuire,* for the appellants.

*S. C. Keeler,* for the respondent.

*E. P. Hart,* for the infant defendants.

BOARDMAN, J.:

Among heirs equality is equity. The law relating to advancement is founded upon that maxim. Every advancement is a gift, but every gift is not an advancement. When a gift of money or property is made by a parent to a child, the presumption in general is that it is an advancement. Such presumption may be repelled by evidence of a different intention. (*Hatch* v. *Straight,* 3 Conn., 31; *Clark* v. *Warner,* 6 id., 359, and see cases cited in 1 Wait's Actions and Defenses, 205–212.) Recognizing these

principles, enough was shown upon this trial to sustain the findings of the referee upon questions of fact. The purpose of the intestate is declared by him in the entry of payments of $500 to each of his children. That is the only entry made by him. Afterwards, in his ill health, he caused the entries of the gift of $200 to each of his sons to be made by one of his sons. The last gift of $3,000 each to his sons was not entered. May it not fairly be presumed that the intent existing in the first gift continued and gave character to the others? It seems quite plain that the purpose of the intestate was to distribute and apportion a part of his estate, in anticipation of his death, among his adult heirs. The infancy of the other heirs may have made it unwise or inconvenient to give to them an equal share. The parol testimony to characterize his acts, purposes and intentions is conflicting. but there is enough in that to sustain the presumptions arising from the gifts in the absence of other evidence. We are not at liberty, therefore, to reverse the findings of the referee on the ground that they are opposed to the weight of evidence so clearly as to call for such action.

It is contended by the counsel for the appellants that the grandchildren have no right, under the statute, to raise this question or claim a share in the gifts made to the children.

The language of the statute is : " If any child of such deceased person shall have been advanced by the deceased, by settlement or portion of real or personal estate, the value thereof shall be reckoned with that part of the surplus of the personal estate which shall remain to be distributed among the children." (2 R. S., 97, § 76.) By 1 Revised Statutes, 754, section 23, after using similar language, it is provided that the value of such advancement shall be reckoned " as part of the real and personal estate of such intestate, *descendible to his heirs, and to be distributed to his next of kin*, according to law." The next section provides for making " all the shares of the *children* in such real and personal estate and advancement to be equal as near as can be estimated." (See, also, 1 R. S., 737, § 127.)

I think the purposes to be accomplished by and the reason for the law of advancements as contained in our Revised Statutes are alike hostile to the appellant's view. They were made with reference to the statute of distribution in case of intestacy and do not, in terms,

contemplate any different rule. The word children stands in a collective sense for grandchildren when the justice and reason of the case requires it. (4 Kent's Com., 419, and cases cited.) The precise question presented in this case has not been decided in this State, but I am cited to *Power's Appeal* (63 Penn. St., 443–4); *Dutch's Appeal* (57 id., 465), as authorities under a similar statute for the construction above given to the New York statute. I conclude the grandchildren of the intestate have the right to insist upon advancements being brought into *hotchpot*, and that they shall share in the distribution with reference thereto.

No error is seen in charging the administrators with the forty-eight dollars commissions, earned and received by the intestate in his lifetime as the agent of the State of Connecticut.

No other questions are presented for consideration by the appellants. The judgment is therefore affirmed with costs against appellants.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed with costs against the appellants.