## CONVEYANCE OF LAND BY PARENT TO CHILD.

[Circuit Court of Mahoning County.]

SAMUEL A. COWDEN v. HUGH T. COWDEN ET AL.

Decided, October Term, 1905.

*Deed of Gift—Advancement—Deed of Purchase—Title—Consideration —Presumption—Grantor and Grantee—Ancestral Property—Parol Evidence.*

1. As between parent and child a deed of gift from the former is presumed to be made by way of an advancement, and the burden is upon the latter to show the contrary.
2. When the consideration stated in a deed for land made by a father to a daughter is one dollar, the daughter takes the land as purchaser, and parol evidence is not admissible to show that the consideration was not paid, and that, in fact the consideration was natural love and affection.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

This action is for the partition of real estate; and the question in dispute between the parties relates to the title of twenty-five · acres of land sought to be aparted.

April 17, 1888, Samuel M. Cowden, now deceased, his wife joining with him, executed and delivered to his daughter, Julia C. Lawrence, a deed in fee simple with covenants of general warranty for the twenty-five acres. The consideration expressed in the deed is "one dollar and other considerations herein expressed." And written upon the margin of the deed is "Second consideration," "the use of a certain lane to get to the residue of the real estate of the grantor." This so-called second consideration is of no importance in the determination of the questions involved, and we dismiss it without further comment.

At the time of the execution of the deed, the grantor and his wife had several children, who are still living, and the grantee had a husband and two children, who are also still living.

The claim of the plaintiff and the other brothers and sisters of Mrs. Lawrence is that this deed was made as an advancement upon the part of the father to his daughter, and that she should account in this action for this twenty-five acres in the division or sale of the residue of the real estate, which is about two hundred and ninety acres.

The claims of Mrs. Lawrence are:

First. That it was not an advancement, never so intended, but on the contrary was an absolute gift upon the part of the father to her.

Second. That the consideration expressed in the deed was a valuable one, and that her title came by purchase, and that, therefore, the other heirs have no interest in the twenty-five acres.

We do not propose to review the evidence, as the conclusion at which we have arrived makes it unnecessary except to say that we are not informed whether or not the one dollar was paid, there being no evidence upon that question.

If we treat this deed as a deed of gift made upon the consideration of love and affection, the first question that arises is, upon whom does the burden of proof rest to show whether it was an advancement or not?

In the American & English Encyclopedia of Law, Volume 1, pages 765 and 766, the text reads:

"A voluntary conveyance of land from father to child, expressed in the deed to be in consideration of love and affection, is presumed to be an advancement. The same is true of a conveyance to the child by an outside party, the consideration being paid by the father. But this presumption is rebuttable."

The text is supported by many authorities, and while there are some decisions to the contrary, the doctrine of the text seems to be the better holding.

In the case of *Tremper et al* v. *Barton et al*, 18 Ohio Reports, 418, the syllabus reads:

"Where a father purchases and pays for land and directs the conveyance to be made to one of his children, the presumption of law is that it is intended as an advancement; but this presumption may be rebutted by proof."

Although at that time the syllabus was not the law of the case, it is supported by the opinion of Chief Justice Hitchcock, who does not declare it to be a "presumption of law" as stated in the syllabus, but a presumption of fact.

It will be observed, however, that the consideration of this deed does not purport to be for natural love and affection, but for one dollar. Although natural justice to all the children would seem to dictate that the property of the father should be divided equally among them, yet we are fully persuaded from the evidence that he intended Mrs. Lawrence to have the twenty-five acre tract in addition to what she would be entitled to at his death, dying intestate.

The next question is: What effect shall be given to a deed of this character from a father to a daughter that expresses a consideration of one dollar? Is it a deed of gift, or does the grantee take the land by purchase? If a deed of purchase, then no question of "advancement" is involved.

A conveyance upon a valuable consideration, as between the parties and their representatives, makes the conveyance one of purchase, while a deed of gift from an ancestor creates a different estate in the grantee. In the latter case, the land is ancestral property subject to a certain line of descent; in the former it is not ancestral property, and the line of descent is different by statute.

In this case, if it is a deed of gift, in the event of the death of Mrs. Lawrence and the two children before the death of the husband, then the tract of land would go to the husband for life, the remainder to her heirs; if a deed of purchase, the land would go to the husband and his heirs absolutely.

What character of title, then, does a mere nominal consideration of one dollar expressed in the deed, as between the parties and their representatives, create in the absence of fraud and where the rights of third parties are not involved.

There is great contrariety of decisions in the different states upon this section. In *Hatch* v. *Straight,* 3 Conn., 31 (8 American Decisions, 152), it was held:

"A deed from a parent to a child in consideration of love and affection is presumed to be an advancement. Though this presumption may be rebutted, yet in a deed of lands from a father to a son, in consideration of love and affection, and the further consideration expressed of five dollars, will not be sufficient to rebut the presumption."

Chief Justice Hosmer, in the opinion, says:

"This brings me to the principal question in the case, which is, whether anything appears to rebut the presumption of an advancement. The deed to Henry A. Straight is expressed to be 'in consideration of love and affection, and of five dollars.' It would be ascribing too much importance to this nominal consideration to consider it as repelling the proof of advanced por· tion. The principle of equity on this construction would be almost as much violated as if the consideration had been purely voluntary. Had the sum received by the grantor been a cent merely, it would be serious trifling to contend that the nature and effect of the provision was changed by it. Between this sum and five dollars, the four hundredth part in value of the property conveyed, there is no material difference."

In the case of *Meeker* v. *Meeker,* 16 Conn., 383, it was held:

"When a deed made by a father to his son expressed a consideration of two thousand dollars, parol evidence was admissible to show that no money was really paid but that the deed was made as an advancement to the son." Devlin on Deeds, Section 829.

On the other hand it is stated in Devlin on Deeds, Section 810:

"The recital in the deed that pecuniary consideration has been paid so far as the legal effect of the conveyance as a deed of bargain and sale is concerned, is conclusive. By this is meant simply the effect of the deed aside from any question of fraud."

The text in this section is also supported by many decisions and one that is curious would be interested in noticing the directly opposed decisions in the different states.

With the law so differently settled in the different states the inquiry naturally is, what is the law of this state upon the question or has it been determined at all?

We are not unmindful of the decisions in this state that a deed absolute upon its face may be shown to be a mortgage, or that a grantee holds the property upon an express trust; but this is put expressly upon the ground that it would be fraud in equity for the grantee to claim otherwise. In the case of *Mathews et al* v. *Leaman et al*, 24 O. S., 615, which is the leading case upon the question, Judge White, in the opinion, says:

"Our statute of fraud omits the seventh, eighth and ninth sections in relation to trusts contained in the English statute. We do not deem it necessary now to consider the effect of such omission. The fourth section of our statute is taken from the third section of the English statute, and in terms has reference to the assigning or granting of legal interests.

"The fifth section of our statute corresponds with the fourth section of the English statute, and prohibits the bringing of actions in the cases specified. Although equitable rights and suits in equity are not named, courts of equity equally with courts of law are bound by the statute, in so far as it is applicable to the peculiar jurisdiction exercised by those courts.

"Fraud, and in the absence of any other adequate remedy, is one of the principal grounds of equity jurisdiction; and the doctrines of courts of equity, in regard to trusts, grow largely out of fraud expressed or implied."

It is said, "fraud in equity is an exception to every rule"; and the principle has often been announced by courts of equity, that the statute of frauds was not made to cover fraud.

In the present case, the trust does not arise on the mere agreement, but on the conveyance of the property for which the trust assumed was the sole consideration. The trust is not raised so much because of the fraud in the original acquisition of the property as in the subsequent refusal to execute the trust. *Page* v. *Page*, 8 N. H., 194; Tif. & B. Tr., 189. As said by Bell, J., in *Morey* v. *Herrick*, 18 Penn. St., 128:

"The attempted denial of the confidence is such a fraud as will operate to convert the purchaser into a trustee *ex malificio*."

The result of the rule does not apply in a case of this character. This is a case where it is proposed to change the express

and absolute provisions of the deed, and not a case to prevent a fraud from being perpetrated by the vendee, occupying a position of confidence.

There is no question of fraud involved in the case. The vendor stamped upon the deed by the stipulation of the receipt of one dollar that it was a bargain and sale, a deed of *purchase* and not a deed of *gift,* and the grantee so accepted it. To permit it now to be changed or modified as proposed by parol would be to change and contradict the deed, and not to enforce a rule preventing the vendee from committing a fraud by holding that which in good conscience she is not entitled to.

However, is the direct question we have under consideration an open one in this state? If not, then it is useless to take further time to discuss it; and we are of opinion that it is not an open one.

In the case of *Brown* v. *Whaley et al,* 58 O. S., 654, it is held:

"A deed of real estate from a father and mother to their daughter 'in consideration of our love and affection for our daughter, and in consideration of the dutiful obedience and faithful services to us of our daughter, and in further consideration of one dollar to us in hand paid by our said daughter' is not a deed of gift, and the title acquired under such deed comes to the daughter, not by deed of gift but by purchase."

Chief Justice Burket, in the opinion, after setting forth that under our statute, providing, as to deeds of gifts, "regard is had to the title, which means the legal title and not an equitable title," says:

"Looking now at the deed in question in this case, and having regard to the legal title, uninfluenced by equity, did the title come to Cinderella by deed of gift or by purchase. The deed says, that the consideration was love and affection for the daughter. If this was all, it would clearly be a deed of gift. But the deed further recites, that it is in consideration of the dutiful obedience and faithful services to us of our said daughter, and in further consideration of one dollar, to us in hand paid by our said daughter. Standing alone, these considerations of obedience, services and one dollar, would clearly make the title one by purchase. How, then, shall it be solved when the considerations are thus mixed? The title came either by deed of gift or purchase. It could not come by both; and legally speak-

ing, it could not come partly by deed of gift and partly by purchase. The law as above quoted from Walker solves the question. He says, that to make ancestral property—title by deed of gift—there must be no other consideration than that of blood. Here there are other and additional consideration, and therefore the title came not by deed of gift. As the title came not by deed of gift, it came by purchase, and at the death of Cinderella passed to and vested in her husband, the plaintiff in error, in fee.

"The dutiful obedience and faithful services of the daughter may have been rendered under such circumstances as to create no legal obligation against her father to pay for the same even though of great value to him; yet when he voluntarily recognized their value by making them the consideration, in part at least, for the conveyance of a tract of land, he could not after the contract, as evidenced by the deed, was executed, and the deed delivered, annul the same by pleading that he was not legally bound to compensate her. He might well have interposed such plea while the matter was executory, but after being fully executed, such plea can avail nothing. What he could not do while living, his heirs can not do after his death. They stand in his shoes.

"Moreover, the consideration of one dollar alone is sufficient to support the deed as between the parties, and to give it the character of being upon a valuable consideration, as contradistinguished from a good consideration."

In the case of *Groves et al* v. *Groves*, 65 O. S., 442, it was held:

"Where the consideration expressed in a deed of conveyance is a valuable one, the title comes by purchase, and it is not competent to show by parol that in fact the title came by deed of gift, and thereby changed the line of descent."

In this case the deed was from a father to his son. It recited as the consideration the sum of $9,165, and acknowledged receipt of the same; but in fact no consideration whatever was paid, and the deed was a mere gift from the father to the son. The heirs proposed to show that fact by parol, but the court held it could not be done.

In the opinion, Judge Burket, says:

"In this case the deed expresses a money consideration, and the title is, therefore, on the face of the deed a title by puchase. The brother and sister of the grantee now seek to change the character so impressed upon the title by the grantor and grantee,

and to impress a new character thereon, that of a deed of gift. They stand as heirs, and seek to take by inheritance. They pay nothing, and are what are known in such cases as volunteers. They are, therefore, bound by the acts of their ancestors in relation to the property which they seek to inherit. 'The general rule is that all parties to a deed are bound by the recitals therein, and they operate as an estoppel, and bind both parties and privies in blood, in estate and in law.' 4 Kent, 523.

"The same was held by this court in *Patterson* v. *Lamson,* 45 Ohio St., 77. The character so impressed upon the title by the parties to the deed adheres to that title, becomes a part of the inheritance, and the heirs are bound thereby; and they can not take from the title a character which it has, nor give to it a character which it has not. To do so would be to vary and contradict the deed by parol, and this can not be done. It has often been held in this state, and elsewhere, that when a valuable consideration is expressed in a deed, it is not competent to show by parol that the deed is founded upon a good consideration; and that when a good consideration is expressed it can not be shown by parol that the consideration was a valuable one. *Vail* v. *McMillan,* 17 Ohio St., 617; *Burrage* v. *Beardsley,* 16 Ohio, 438; *Steele* v. *Worthington,* 2 Ohio, 182; *Walker's American Law,* 445.

"But while it is true that the nature of the consideration, whether good or valuable, can not be changed by parol, it is equally true that a different consideration from that expressed may be shown, if not inconsistent with, or repugnant to, the expressed consideration. Thus it may be shown in favor of creditors, that a deed founded upon an expressed valuable consideration was in fact without any consideration, and therefore liable to be set aside. And a deed founded upon a good consideration only, will usually be set aside in favor of previous creditors; but this is a very different thing from proving a good consideration when a valuable one is expressed, and thereby changing the line of descent."

This surely should be the true construction. As a question of first intention, it would seem as if there could not be two opinions when the controversy is between the parties or their privies. The changing of the consideration from a valuable one to a good one, or from a good consideration to a valuable one, in this state, changes the character of the estate entirely; it changes the line of descent of the land conveyed, which is a very important matter in the deed. Can a deed, the most solemn of written

agreements, as to such an important matter be changed by parol?
If so, then why may not any written contract be changed. and
varied.

A decree will be entered that Julia C. Lawrence has the abso-
lute title to the twenty-five acres of land, and the plaintiff and
other defendants, her brothers and sisters, have no interest in
it whatever.

*Murray & Koonce,* for plaintiff.

*B. F. West* and *George F. Arrel,* for defendants.