Gholson, J.
To understand the- objections to evidence which were made in this case, it is proper to consider the position of the parties and the issue submitted to the jury.
The controversy was, whether, in the lifetime of Michael Castner, an agreement had been made between him and his son, Rassellas Castner, by which the latter became bound to •convey the land in dispute. This agreement was set up in the answer of the defendant in the action, and denied by the plaintiff, Rassellas Castner. The defendant claimed as the •assignee, under the will of Michael Castner, of an agreement, which it was alleged, created an equitable interest in the land. The issue submitted to the jury was, whether, in fact, there had been such an agreement. The defendant in the action thus standing in the shoes of Michael Castner, any act or declaration which would have been evidence against him, must also be evidence against the defendant, who, as assignee, can .stand in no better position. So the will of Michael Castner *346 is to be regarded as a declaration made by him. The claim-' of the defendant in the action was derived under that will, and he certainly ought not to complain of its use, as evidence, by the other party.
It being claimed, on the one side, that the conveyance of. one tract of land was the consideration for an agreement to convey another in exchange; and, on the other side, that the-object of the conveyance was an advancement from father to-son, we think that the relation in which the parties stood, and the circumstances of the father, might throw light upon the inquiry. The weight, as evidence, of facts of this description, would very much .depend upon the circumstances-of the particular case; but we cannot say they would be irrelevant.
The defendant in the action, as part of his evidence to make out the parol agreement alleged in the answer, having offered a deed from Michael Castner to Rassellas Castner,. which purported to have been made for the consideration of two thousand dollars, the plaintiff, Rassellas Castner, offered himself as a witness, and proposed to prove, that the consideration was, in fact, natural love and affection; and that there was' no other consideration. This evidence was objected to, on the ground that Rassellas Castner was not at liberty to contradict the recital in the deed.
The deed, in view of the purpose for which it had been, offered in evidence, that is, to prove a parol agreement in, reference to land, other than that which it conveyed, amounted-, to no more than the admission or declaration of Rassellas Castner, in reference to the matters stated or recited. The-title to the land conveyed by the deed, was not in question;there was no privity between the parties, as to the estate it created. Considered as such an admission, offered for such-a purpose, we do not think the grantee was concluded by the-recital, as to the consideration, but that, like an ordinary admission, it was open to explanation or contradiction. This-conclusion is fully sustained by the authorities cited by the counsel for the defendant in error. Pritchard v. Brown, 4 N. H. 397, 400; Morse v. Shattuck, Id. 229; McCrea v. Purmont, *347 16 Wend. 460, 475; Carpenter v. Bullen, 8 M. & W. 209; Gully v. Grubbs, 1 J. J. Marshall, 387, 390; Belden v. Seymour, 8 Conn. 304; Grout v. Townsend, 2 Hill, 554; Beach v. Packard, 10 Vermont, 96; Meeker v. Meeker, 16 Conn, 387; Rockhill v. Spraggs, 9 Ind. R. 30.
An objection was made to the ruling of the court, as to the order of the trial, the defendant in the action having claimed the right to open and close the argument, which was refused.
The plaintiff had opened the testimony without objection,, giving evidence to show the value of the rents and profits, a matter in issue; and we think the court might properly allow him to open and close the argument. But in saying there was no error in this, we are not to be understood as admitting that the action of a court in determining the order of proof or argument can be reviewed on error, especially, where it is not shown, by any statement of evidence, that injustice has been done, or any substantial right prejudiced.
On the application for the benefit of the occupying claimant’s law, proof was offered to show that the defendant in the action purchased with notice of the claim of the plaintiff. The defendant then offered to prove that he had made his improvements in actual good faith, and in the honest belief that he had the legal and equitable title to the same, and without collusion with any one. This evidence was rejected, on the ground that the notice of the title or claim of the successful claimant, before the purchase, was conclusive evidence of such legal fraud,as to deprive the defendant of the benefit of the act for the relief of occupying claimants.
That act, by its terms, only extends to purchasers who have obtained title to, and possession of land, without any fraud or collusion on their part. “ The statute is intended for the relief of those who act in good faith. It was not designed to enable a man, by an act of bad faith, to make another his debtor.” Beardsley v. Chapman, 1 Ohio St. 118. But the statute does not define what shall be deemed an act of bad faith, or provide that notice of a claim which is afterward successfully asserted, shall be proof of bad faith. To show a case of fraud and collusion, a notice of such claim might *348 be essential, and where the circumstances showed that the •purchaser not only knew of such claim, but that it was just, and would, therefore, prevail when asserted, it would be difficult to escape the imputation of bad faith. So it may appear from circumstances, that it was his duty to inquire into the ■validity of the claim, of which he had notice, and that not inquiring, he may be charged with that knowledge, which the inquiry would have afforded. He may not be permitted to shut his eyes to the truth. But we do not think that the mere fact of.a notice of the claim, which is afterward successfully asserted, makes out a case of fraud and collusion, within the meaning of the statute.
In this class of cases, it would be going too far to charge the purchaser with the consequence of not properly understanding the nature of a title, or the character of the evidence by which it might be sustained. According to the language of our decisions under the statute, a belief that the land is his own, has been considered sufficient to protect the occupant. “ The equity of the statute embraces all improvements made in the honest belief of ownership, if at the time of rendition of judgment, the occupant is in possession under such a title as brings him within the meaning of the statute.” Davis v. Powell, 13 Ohio, 308, 320; Longworth v. Wolfington, 6 Ohio, 9. This honest belief is -consistent with notice of a claim, when the circumstances do not show that there was no reasonable ground to suppose that such claim was invalid.
The fraud or collusion required by the statute, must, we think, affect the personal integrity of the purchaser, to the extent, if not of actual fraud, at least of wrongful neglect. “The very title bona fide,” it has been said, “refers more to the integrity of the party, than to the legality of the act, appearing, afterward, by circumstances not within his reach at the time of the transaction: it is an attribute of the person, not of the act.” The John, 2 Dodson, 339. When a purchaser has been informed of a claim to the land, the validity of that «claim may involve questions of law and fact, of no easy solution. The claim may never be asserted, or, if as *349 serted, may fail. If in the honest belief that he has the-better title, he enters into possession and makes improvements, we do not think he can be charged with bad faith.
The result of the views we have expressed, is, that the judgment in the action will be affirmed, and the judgment in the proceeding under the act for the relief of occupying claimants will be reversed. The case will be remanded to the district court, for the purpose of receiving the evidence' rejected, if again offered, and determining whether the defendant in the action is entitled to the benefit of the act for the relief of occupying claimants.

Judgment in the action affirmed.

Judgment in the proceeding under the occupying claimants’ act reversed.

Scott, C.J and Sutlife, Peck and Brinkerhoee, JJ.,, concurred.