Parker, C. J.
We think the replication is sufficient in point of form; and the general question in the case is, whether the fact “verred of there being a surplus of personal estate, sufficient, after paying debts and charges, to leave a distributive share to each of the daughters, after charging them with the whole amount of the advancements, is a good answer to the plea in bar. And we think the replication sufficient in this respect.
The statute does not require that the advancements should be accounted for out of the real estate, either in whole or in part, if there be sufficient personal estate. For although, by the words of the statute, such advancements are to be charged against the share of real and personal estate, to which the party advanced may be entitled by the rules of descent and distribution, we presume nothing more was intended, than to make both liable, in case [ * 203 ] either should be deficient. But we apprehend * it is always proper to charge the advancement, if made in money or chattels, first against the personal estate. For it is in the nature of a debt due to the estate, which, if it can be paid by money already in the hands of the administrator belonging to the heir, ought to be so paid; rather than to diminish the inheritance of the heir, who may have been advanced, for the benefit or convenience of other heirs, who may desire a larger portion of the real estate than would otherwise descend to them.
Some stress has been laid upon the collocation of the words in the section of the statute, which provides for the deduction of the value of an advancement from the distributive portion which may belong to the heir. But the collocation clearly has reference only to the foregoing words in the sentence, which provide that any advancement in real or personal estate shall be so deducted. No intention of the legislature, to charge the advancement first or altogether upon real estate can be inferred from any thing in the statute itself.
But it has been objected that the courts of common law have no rrisdiction over the estate, so as to sustain a petition for partition; if it appear that the parties claim by descent from the same ancestor, and there should have been advancements to some of the parties not yet settled in the probate office; but that the probate courts can alone order partition in such case. We considered it as settled in the former controversy between these parties, which came up by appeal from a decree of the judge of probate, that this Court, as a court of law, and the Court of Common Pleas for the county, had jurisdiction of the subject matter, concurrently with the judge of probate ; and that the petition having been presented to the Court of Common Pleas, before the proceedings were instituted in the Probate Court, the former Court could not be ousted of its jurisdiction *173 It was decided in the case alluded to, that if, in the course of proceedings upon a petition, it should be suggested that advancements had been made, which ought to reduce the * purparty of any of the heirs, the court of law might [ * 204 J stay proceedings, until the question of advancement should be settled in the Court of Probate. This would probably be the most convenient course; although we are not satisfied that it is necessary. For at present we see no reason, why the whole matter cannot, under proper pleadings, be settled in a court of common law; the advancement amounting in substance to a reduction of the share of the party who may have been advanced, or taking away the whole of the share, according to the value of the property advanced (2). At any rate, we think there can be no reason for turning these parties back into the Court of Probate ; when, by the facts now appearing in the pleadings, the advancements ought not to have any effect upon the share each is entitled to in the real estate.

Judgment for partition.

 [Vide Stearns vs. Stearns, ante, 167. The most convenient and best remedy m such a case might he had in a court of chancery.—Ed.]