JOHNSON *against* BELDEN and others.

Questions of advanced portion are always questions of intention, and generally turn on the evidence by which such intention is to be proved.

The mere relationship of parent and child, is not sufficient to decide a question of this nature.

Nor is the mere fact that a parent has delivered chattels or advanced money to or for his child, sufficient for this purpose.

Nor is equality of patrimonial estate sufficient; as in many families a judicious discrimination is equitable.

Where a father furnished to his married daughter articles of household furniture to the amount of 538 dollars, and entered them on his account book, declaring, at the same time, that he did not do this, for the purpose of making a charge, but for his own gratification; and he afterwards expunged the entry thus made; it was held, that there was not sufficient proof of an advanced portion.

Where a father advanced to his son the sum of 1100 dollars, to establish him in business, and afterwards declared to a friend, that what his son had had of him was a free gift; it was held, 1. that such declaration was admissible evidence on the question of advanced portion; 2. that no advanced portion appeared in the case.

THIS was an appeal from the decree of the court of probate for the district of *Newtown,* made in the settlement of the estate of *John Johnson,* deceased, who died intestate. At the time of his death, his only surviving child was *David H. Johnson,* the present appellant. He left, however, other heirs, *viz. Susan J. Belden,* the daughter and only child of *Cornelia Belden,* deceased; also *Cornelia J. Belden, Clarissa Belden, David Belden* and *John Belden,* heirs at law of *Susan Belden,* deceased; said *Cornelia Belden* and *Susan Belden,* being daughters of the intestate, who died before their father. By the decree appealed from, the sum of 538 dollars, 51 cents, charged as advanced portion, to *Cornelia Belden,* was disallowed; and the sum of 1100 dollars, charged, as advanced portion, to *David H. Johnson,* the appellant, was allowed.

*Cornelia Belden,* at the time of her marriage to *David H. Belden,* Esq., received from her father, articles of household furniture of the value of 538 dollars, 51 cents, which then became the property of her husband. At the time of the delivery of these articles to her, the intestate entered them on his account book, as " articles furnished for his daughter,

*Cornelia.*" At the time of making this entry, he informed her husband, that he did not enter the articles for the purpose of making a charge, but for his own gratification. Some time previous to his death, he expunged this entry from his book, so that no trace thereof can now be found.

The intestate, in his life-time, advanced to his son, the appellant, to establish him in business, the sum of 1100 dollars in cash; which sum has never been repaid or accounted for ; but it was not charged to him, by his father ; and there is not, nor has there ever been, any evidence of its having been paid to him, except his parol acknowledgment, that he received it from his father, for the purpose of establishing him in business.

The intestate, in a conversation which he held with *Jacob Beers*, Esq., in the year 1843, when he was speaking upon the subject of making a will, said, that his son, *David H.* [the appellant] was all the child he had living ; that he had got into business, and he hoped he would be able to get a living ; that whatever he had had of him was a free gift, and was not to be reckoned to him in the settlement of his estate. This evidence was objected to, by the appellees, but was received subject to the opinion of this court. If the evidence was admissible, then the superior court found, that it was never the intention of the intestate, that said 1100 dollars should be charged or reckoned to his son as advanced portion.

The questions of law arising in the case were reserved for the advice of this court.

*Dutton* and *Sturges*, for the appellant, contended, 1. That the furniture delivered and charged on book to *Cornelia Belden*, was advanced portion. It was property advanced, by way of "settlement or portion," and is to be reckoned as part of her share of her father's estate. *Stat.* 357. § 47. If they had been intended as a *gift* simply, they would not have been entered as they were ; and it is apparent that the intestate did not expect she would *pay* for them. They constituted neither a *gift* nor a *debt*. *Bulkley* & al. *v. Noble*, admr. 2 *Pick.* 337. In re *Ashley*, 4 *Pick.* 21. The declaration made to *Cornelia's* husband, is not inconsistent with the appellant's claim. See 1 *Williams on Exrs.* 121. 124, 5.

*Fairfield,*
*August, 1850.*

Johnson
*v.*
Belden.

2. That the money delivered to the appellant, to establish him in business, was a mere naked gift, and not an advancement.    4 *Kent's Com.* 413, 14. . 1 *Sw. Dig.* 458.

3. That the declaration made by the intestate to *Jacob Beers,* was admissible.    *Wallace* v. *Pomfret,* 11 *Ves.* 547, 8.    *Clark* v. *Warner,* 6 *Conn. R.* 355. 360.

*Hawley,* for the appellees, contended, 1. That the articles furnished by the intestate, to his daughter, *Cornelia,* were not to be considered as advanced portion.    In the first place, though he made a *memorandum* of them, he made *no charge* whatever.    The entry did not show, that she was made *debtor* for them ; or that he intended she should account for them, in any way.    But secondly, it appears clearly, that he did not intend them as part of his daughter's inheritance.    He declared, at the time, that he made the entry for his own satisfaction merely ; and the act of expunging it afterwards, without making any entry elsewhere, is strong evidence that he did not intend they should be remembered at all against his daughter.

2. That the testimony of *Jacob Beers* was inadmissible for the purpose for which it was offered.    In the first place, the declaration was vague and indefinite, referring to no specific thing which the intestate had furnished his son ; nor does it appear, that the 1100 dollars was not furnished after that time.    Anything furnished to a child already engaged in business, may properly be said to be for his establishment in business.    Secondly, the declaration was made in reference to the making of a will, never executed, in which, it is to be presumed, if the design had been accomplished, he would have made a just distribution of his estate, and would have settled all these matters, by the terms of that instrument.    Thirdly, if the declaration was made after the money was furnished, it could not be admitted, because it would affect the interests of third persons, and diminish the shares of his other children.    *Hatch v. Straight,* 3 *Conn. R.* 31.

3. That if the testimony of Mr. *Beers* was admissible, still, considering the circumstances under which the declaration was made, and the purpose for which the money was advanced, the law will treat it as an advanced portion.    This will make the distribution more equal, and consequently, more equitable.

CHURCH, Ch. J. Questions of advancement generally arise in the settlement of intestate estates. If an estate be testate, the will of the testator is the only law of distribution. But where wills exist, they sometimes dispose of the estate in reference to former advanced portions: in such cases, the law of advancements must also be consulted. *Porter* & ux. v. *Collins*, 7 *Conn. R.* 1. *Covell* v. *Thayer*, 5 *Metc.* 250. *Thompson* v. *Carmichael*, 3 *Sand. Ch. R.* 120.

Questions of advancement, also, are always questions of intention; and the difficulties in solving them, are generally found in the kind of evidence, by which such intention is to be proved.

In some cases, it has been considered, that this intention, if not expressed, shall be inferred, as matter of law, from the character of the act; as where a parent conveys land to the child, from a consideration of love and affection only; and if a parent pay the consideration money for land or for stocks, conveyed by another to the child. In these, and perhaps other cases, the presumption of advancement may be rebutted. But in such cases, or in others, where the law, as in *Massachusetts*, requires this intention to be expressed, by the intestate, in writing, it has been held, that no subsequent parol declarations of the parent will controul the original intention. *Straight* v. *Hatch*, 3 *Conn. R.* 31. *Sidmouth* v. *Sidmouth*, 2 *Beavan*, 447. *Bulkley* v. *Noble*, 2 *Pick.* 337. *Meeker* v. *Meeker*, 16 *Conn. R.* 383. *Partridge* v. *Havens*, 10 *Paige's Ch. R.* 618.

In this state, we have no statute regulations on this subject; and whether a child has been advanced or not, is here often a very perplexing question in the settlement of estates, and one which creates no little family dissension.

The existence of the relationship of parent and child does not furnish sufficient ground to decide, that the delivery of a chattel or the advancement of money, by the one to the other, was intended as a child's portion. Unexplained, this might as well be treated as a debt or a gift, as an advancement, as if it had been between other persons. A parent may be generous and liberal to his child, without placing him under future accountability, either to himself or to his estate; and he may discriminate in his favours, between his children, if he pleases. The law, to be sure, supposes, in ordinary cases of

*Fairfield,*
August, 1850.

Johnson
*v.*
Belden.

family arrangement, that equality is equity; but no person so well as a parent, knows, how such equality and such equity can best be effected and promoted among his children. In many families, a judicious discrimination is equity.

Some have supposed, that in the case of *Clark* v. *Warner*, 6 *Conn. R.* 356. this court intended to say, that every considerable gift from a parent to a child, must be treated as advanced portion, and be brought into hotchpot. We do not believe this was meant; and we do not recognize such a principle.

Where personal chattels are delivered, by a parent to a child, or moneys are advanced to him or for him, we think, there should be satisfactory evidence besides the mere delivery or advancement, to constitute them chargeable advancements or part portion. There must be evidence of such an intention beyond the unexplained act. And in such cases, the acts and declarations of the parent, either concurrent or subsequent, may be shewn, as evidence, as well of his original intention, as of his final purpose. And so we suppose the court, in the case of *Clark* v. *Warner*, intended by saying, " Had the deceased explicitly declared, that they were not to be deemed advancements or part portion, the case might have been different;" referring here, as they do, to a subsequent declaration.

On this appeal from probate, it appears, that the intestate, *John Johnson*, furnished for his daughter, *Cornelia*, the wife of *David H. Belden*, Esq., articles of household furniture, to the amount of 538 dollars, 51 cents, and entered them on his account book, and, at the same time, said, that he did not do this, for the purpose of making a charge, but for his own gratification. This entry was not made on a book or paper where the intestate kept a *memorandum* or an account of children's portions, thus affording evidence of his intention to make an advanced portion; but upon his book of *debtors' accounts*: no inference, therefore, can be drawn from this, in support of this entry, as a charge of an advancement. Nor is such an intention to be presumed from the fact, that the articles delivered, consisted of furniture for housekeeping; as these are as proper subjects of gift as of advancement. But, as this entry upon the book, was accompanied by the declaration of the father, that he meant

nothing by it, but his own gratification, it furnishes no proof of intention at all. We shall advise, therefore, that the decree of the court, disallowing said sum of 538 dollars, 51 cents, as a charge of an advanced portion against said *Cornelia Belden*, be affirmed.

The court of probate allowed the sum of 1100 dollars against *David H. Johnson*, a son of the intestate, and ordered that it be deducted from his distributive share of the estate, as advanced portion. As to this, the intestate never made any account, entry or *memorandum* whatever. He advanced the money to his son, to set him up in business, as he, the said *David*, acknowledged; and this was the only proof of any such advancement; and this, we think, was altogether insufficient to fix that sum upon him, as a part portion of his father's estate. But if there had been any doubt in regard to it, the subsequent declaration of the intestate to *Jacob Beers*, Esq., that this sum was intended by him as a gift— a free gift—was proper evidence, and sufficient to prove that it was not an advancement.

The decree of the court of probate, declaring the sum of 1100 dollars to be an advancement, should therefore be reversed; and we shall so advise the superior court.

In this opinion the other Judges concurred.

> Judgment affirmed in part,
> and reversed in part.