DAVID ELSTON, Appellant, *v.* EVA SCHILLING, Executrix, and others, Respondents.

A conveyance by way of advancement, in good faith, is a *disposal of property* within the meaning of a covenant to renew a lease, if the lessor "should not dispose of" the premises during the term.

(Argued January 11, 1870; decided March 18, 1870.)

THIS was an appeal from a judgment entered upon decision of the General Term of the Superior Court of the city of New York, affirming a judgment for defendants on trial before Chief Justice ROBERTSON.

The facts sufficiently appear in the opinion of the court.

*Samuel T. Birdsall*, for the appellant.

*C. C. Egan*, for the respondents.

SUTHERLAND, J.   I am not able to see any sufficient ground for reversing the judgment.

The action was brought in the Superior Court of the city of New York, to compel the original defendant, Andrew Schilling (who has deceased since the judgment), specifically to perform a covenant or agreement in a lease for the term of four years, for the renewal thereof, for the further term of four years.

On the 13th of June, 1862, Andrew Schilling leased to the plaintiff certain premises, in New York city, for the term of four years from the first day of July, 1862. The lease was in writing, and signed and sealed by both parties, and among other covenants and provisions, contained these provisions: "The conditions of this lease are as follows: The said David Elston shall have the privilege to purchase the said premises at any time within four years, for the sum of $12,000. And, furthermore, should the said Andrew Schilling not dispose of the said premises before the expiration of the term of said lease, then the said David Elston shall have a renewal of the

lease for an additional four years, if he so elect, on the same terms and conditions."

Chief Justice ROBERTSON, by whom the action was tried as an action in equity, without a jury, among other findings of fact, found that on the 25th day of June, 1866, and before the expiration of the term of the lease, Andrew Schilling did dispose of the premises by conveying them in fee-simple to the defendant, Frederick Schilling, by deed, for the consideration expressed in the deed of $2,500, subject to the privilege of the plaintiffs purchasing said premises, on or before the 1st of July, 1866 and subject to a mortgage thereon of $9,500, verbally agreed to be assumed by Frederick Schilling, of which the plaintiff had notice before the commencement of this action; that before Andrew Schilling so disposed of the premises he requested the plaintiff to purchase them at the sum ($12,000) mentioned in the lease, and the plaintiff elected not to purchase them; that on the 2d day of July, 1866, the plaintiff demanded of Andrew Schilling a renewal of the lease, which he refused to give; that at the time of the conveyance to Frederick Schilling, Andrew was a man of wealth and Frederick was his son, and the value of the premises being about $2,500 over the incumbrances, the purpose of the conveyance was to advance his son by about that amount, and make him equal to others of his children previously advanced by him that amount; that before the commencement of the action the defendant, Stewart, as city marshal, had a warrant issued to him by Justice BULL, to dispossess the plaintiff, the execution of which warrant was stayed by the injunction issued in the action.

Judge ROBERTSON held as matter of law on the facts found by him that Andrew Schilling did, before the expiration of the term of the lease, dispose of the premises within the meaning of the clause contained in the lease, and that the plaintiff was not entitled to a renewal of the lease, and dismissed the complaint with costs.

The record shows that the decision dismissing the complaint was made on the 10th of January, 1867, and that on

the same day a reference was made to one of the clerks of the court to ascertain and report the damages which the defendant, Frederick Schilling, had sustained by reason of the injunction issued in the action; that subsequently the referee made his report, by which he reported, among other things, that the defendant, Frederick Schilling, was entitled to a several judgment against the plaintiff for $888.84 as such damages; that this report, so far as it was thus reported, was confirmed on notice; and that afterward, on the 9th of April, 1867, by one order a judgment was ordered in favor of all the defendants against the plaintiff for $338.48 costs on dismissing the complaint, and a several judgment against the plaintiff in favor of the defendant Frederick Schilling for his damages, so reported, to wit: $888.84.

The plaintiff appealed from this order of the 9th of April to the General Term of the Superior Court; and the General Term having affirmed the order, the appeal to this court is from this affirmance by the General Term.

I find no exception on the part of the plaintiff to the order of reference to ascertain the damages, to the proceedings before the referee, or to the confirmation of his report, as to the $888.84 reported as the defendant Frederick Schilling's damages, or to the order directing a separate judgment for such damages.

The only question presented by the appeal is, was the plaintiff, on the facts found by the chief justice, entitled to a renewal of the lease, and this question is presented by the exceptions of the plaintiff to the conclusions of law of the chief justice from the facts found by him.

Assuming, as I think we must assume, that the four years mentioned in the provision of the lease, which has been quoted, meant the four years constituting the term of the lease, it is plain that the plaintiff could not, by that provision, have the right of purchasing the leased premises at any time within the four years, and yet the lessee, Andrew Schilling, have the right by the same provision of disposing of them at any time

HAND—VOL. III.        11

within the four years; that is, before the expiration of the term.

The true construction of the whole provision is, I think, that if Andrew Schilling, the lessor, did not dispose of the premises before the expiration of the lease term, the plaintiff should at his option have a renewal of the lease for another term of four years, but that the lessor should not exercise his reserved right of disposition within the four years without first giving the plaintiff an opportunity of availing himself of the privilege given him of purchasing at any time within the four years.

The referee found, as a fact, that before Andrew Schilling disposed of the premises to Frederick Schilling, the plaintiff was applied to, to purchase, at the sum mentioned in the provision, and that he elected not to do so.

The question then is, was the disposition of the premises by Andrew Schilling, by the conveyance to his son Frederick, a disposition of the premises, within the meaning of the provision, in effect giving Andrew Schilling a right to dispose of the premises, at any time within the four years, upon the plaintiff's declining to avail himself of his privilege of purchasing at any time within the four years?

I do not see how it can be doubted that it was.

If it should be conceded, that the motive of Andrew Schilling, in conveying to his son, was to avoid a renewal of the lease, I do not see that you help the plaintiff's case any.

He had, in effect, reserved the right of disposition, with such motive or for such purpose, if the plaintiff did not elect to purchase at $12,000, the sum mentioned in the provision.

The judgment should be affirmed with costs.

LOTT, J., also read an opinion for affirmance.

All concur. Judgment affirmed.