## THE FRANCIS GOWDY DISTILLING COMPANY *vs.* GEORGE M. GRANT.

First Judicial District, Hartford, January Term, 1895. ANDREWS, C, J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A written license to use a pass-way across grantor's farm for ten years, provided that if the grantor should " at any time sell or dispose of his farm" the license should thereupon cease and determine. *Held* that the conveyance of the farm by a quitclaim deed expressing a consideration, and having the usual *habendum* clause, was a disposition of the farm within the terms of the license, although the grantee in that deed on the same day quitclaimed to the wife of the grantor.

By such disposition the license terminated *ipso facto*, and no notice from the owners of the land was requisite.

[Submitted on briefs January 3d—decided January 18th, 1895.]

ACTION for an injunction to restrain the defendant from obstructing the plaintiff in the free use of a pass-way, brought to the Superior Court in Hartford County, and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant and appeal by the plaintiff for alleged errors of the court. *No error.*

On January 6th, 1893, Francis Gowdy gave a written license to the plaintiff to use a pass-way across his farm to its distillery, for ten years, in consideration of a certain payment to be made annually, but with a provision that if he or his heirs should at any time sell or dispose of his farm, the

license should thereupon cease and determine. A month later he let his farm, subject to all rights of way previously granted, to the defendant, for fifteen years, reserving an annual rental.

The plaintiff's complaint alleged that the pass-way was the usual and only convenient way to its distillery ; that the defendant had obstructed its use by locking the gates, and threatened to deprive the plaintiff permanently of its use, to its irreparable injury. The answer, in paragraphs denied by the reply, averred that " on May 3d, 1893, said Francis Gowdy, since deceased, disposed of said farm by conveying the same to William C. Messinger, who, on the same day, conveyed the same to Helen J. Gowdy, who now owns said farm, including the land upon which said road is located ; " and that in July she and the defendant notified the plaintiff that it must cease using the way by October 10th, 1893, (which was a date before the commencement of the action) and that any right of way claimed by it would then terminate.

Francis Gowdy died after the suit was brought. Helen J. Gowdy was his wife, to whom he had been married prior to 1877, and by whom he had had living children.

The court, *Shumway, J.*, found the issues for the defendant, and gave judgment in his favor, from which the plaintiff appealed.

*William S. Case*, for the appellant (plaintiff).

I. The conveyance of the farm by Gowdy to Messinger and by the latter to Mrs. Gowdy was not a " sale " or " disposition " within the meaning of the written license.

The plain meaning of that condition of the agreement was that no such burden as the plaintiff's rights should stand in the way of any opportunity that Gowdy or his heirs after him might have with a possible purchaser within the term of the license. To that extent it was a fair concession to Gowdy, and it was so intended, but beyond that the plaintiff is entitled to such a construction of the clause as shall preserve its honestly acquired rights, and protect it from possible imposition. But the facts surrounding this conveyance show

that the thing to be accomplished in Gowdy's mind was not the disposition of his property, but the defeating of the plaintiff's rights. It was not such a transaction as *incidentally* terminated the plaintiff's license, but it was an attempted evasion of his obligations to the plaintiff by Gowdy, and the transfer of the property was a subordinate part of the operation.

But in another aspect of the case, Gowdy's motive and the character of the transaction are of no consequence. Whether or not his transfer to his wife was operative, it did not lift the burden from the land, because Gowdy still retained an interest in the property as tenant by the curtesy. The parties were married prior to 1877, and had had living issue born to them. No further back than 1892, this court, upon the authority of a still earlier case (*Fitzgerald* v. *Brennan*, 57 Conn., 511), defines that particular sort of estate in the following language: "Before his wife's death" [her husband] " was a tenant by the curtesy initiate in her lands. As such tenant he was seized of a freehold estate in his own right, and the interest of his wife was a mere reversionary interest depending upon the life estate of her husband." *Sill* v. *White*, 62 Conn., 435. And that was Francis Gowdy's interest in *this* land when his wife and their tenant closed it against the plaintiff. The farm was as effectually his in her hands as it was in his own, and the interest he retained in it was enough to hold both him and it to the strict letter of his bargain with the plaintiff. The agreement demands an *absolute* sale or disposition as a condition precedent to the operation of that clause, and in the absence of any qualifying phrase or expression in the agreement itself, no construction other than this is either natural or reasonable. *Jugla* v. *Trouttet*, 120 N. Y., 21; *Russell* v. *Allerton*, 108 id., 288; 3 Amer. and Eng. Ency. Law, 868, note; *Grimley* v. *Davidson*, 35 Ill. App., 31. The operation of the 3d of May cannot be considered piecemeal. It is one act—consummated when the fee reached Mrs. Gowdy and Francis Gowdy " was seized of a freehold estate in his own right,"—and not before.

*Theodore M. Maltbie*, for the appellee (defendant).

The license provided in terms that it should cease if Francis Gowdy or his heirs, sold or " disposed of " said farm. The farm has been " disposed of," and the entire title has gone from Gowdy and his heirs. It makes no difference when or how that disposition was made. As soon as it occurred all rights of the plaintiff under the contract terminated.

The conveyance made to Messinger was an effective and valid transfer of the property, and was such a disposition as was contemplated by the contract, and terminated the license. *Hoyt* v. *Ketcham*, 54 Conn., 60–63. The conveyance by Messinger to Mrs. Gowdy vested Mr. Gowdy with certain rights in the property; but those rights were personal and entirely ceased with his death. No right in the property survived to his heirs or his estate. Such a disposition, when completed, was clearly within the language of the contract. If made for the purpose of defeating the license, which is not found, the result would be the same. *Elston* v. *Schilling*, 42 N. Y., 7

BALDWIN, J. The plaintiff's right to use the pass-way in question rested upon a mere license, not executed or acknowledged in the manner required for conveyance of land. By its express terms it was to cease and determine if Gowdy should sell or dispose of the farm. The answer alleges that he did dispose of it by conveying it to William C. Messinger, who on the same day conveyed it to Helen J. Gowdy, who now owns it; and the issue, upon a traverse of these averments, was found for the defendant by the Superior Court.

The plaintiff claims that it is apparent that the deed to Messinger was given merely as a step in the process of transferring the farm to Mrs. Gowdy; and that as, upon her acquiring title, her husband became a tenant by the curtesy, and it is found that both conveyances were made on May 3d and recorded on May 4th, the whole proceeding was plainly a device of Mr. Gowdy to terminate the license, while virtually retaining the land.

No such question appears to us to arise upon the pleadings, which do not even state that Helen J. Gowdy was the wife of Francis Gowdy. But had they done so, the conveyance to Messinger is none the less a disposition of the farm because he afterwards conveyed to her, whether he did so in pursuance of a previous understanding with her husband, or not. The deed to Messinger was expressed to be given "for divers good causes and considerations thereunto moving, especially for one hundred dollars, received to my full satisfaction of William C. Messinger;" *habendum* to him and his "heirs and assigns to the only use and behoof of the said Messinger, his heirs and assigns forever, so that neither I, the said Gowdy, nor any other person or persons in my name and behalf, shall or will hereafter claim or demand any right or title to the premises or any part thereof, but they and every of them shall, by these presents, be excluded and forever barred." Upon the execution and delivery of this conveyance, the grantor was wholly divested of the title. He had disposed of the land to a person competent to take, and who accepted the conveyance.

As between him and Messinger, the recital of a valuable consideration and the *habendum* clause, prevented any resulting trust in his favor, whether in fact the conveyance was voluntary or not. *Belden* v. *Seymour*, 8 Conn., 304. Whether Messinger was under an obligation, enforceable in equity, to convey the land to Mrs. Gowdy, was a question with which the plaintiff has no concern. *Elston* v. *Schilling*, 42 N. Y., 79. He could only convey to her what he owned, and what he owned his grantor could not own.

The notice to the plaintiff that the license was determined was given by the defendant and Mrs. Gowdy, during the life of her husband, and at a time when he was tenant by the curtesy of the farm. If any notice by the owners of the land was requisite for the termination of the license, that given was insufficient, because he did not join in it, although he was at the time the holder of a freehold estate in his own right, which gave him the power to manage or dispose of the farm for the term of his life. But by its express terms, if at

any time the farm should be sold or disposed of, the license was thereupon to cease and terminate. If this provision could be construed as meaning that it was to continue until due notice from the purchaser of his election to terminate it, a sale and conveyance would not pass an unincumbered estate to any one having knowledge of the license, nor could the vendor safely give a deed with the usual covenants. The words which the parties to the license have used to express their agreement, if taken in their ordinary and natural sense, put an end to the right of way as soon as the land was alienated. To give them any different meaning would be contrary to the general policy of our law, by which the free transmission of the absolute title to real estate from one owner to another is always favored. The license, therefore, was *ipso facto* determined, when the conveyance to Messinger took effect.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.